IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-325-GPG

SCOTT A. SOLLIS,

    Plaintiff,

v.

UNKNOWN EMPLOYEE OF DEPARTMENT OF CORRECTIONS,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Scott A. Sollis, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Colorado Territorial Correctional Facility in Canon City, Colorado.  Mr. Sollis has filed *pro se* a Prisoner Complaint (ECF No. 1) asserting one claim for relief pursuant to 42 U.S.C. § 1983.  He seeks injunctive relief and court costs.  Mr. Sollis has paid the filing fee in full.

    The court must construe the Prisoner Complaint liberally because Mr. Sollis is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Mr. Sollis will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

    Mr. Sollis alleges that has had "previous protective custody issues." (ECF No. 1 at 3). According to Plaintiff, on or about January 8th, while he was on suicide watch as a

result of anxiety and depression due to bullying in the facility, he met with an unknown woman with a Spanish surname, who was Caucasian, and who identified herself as a Lieutenant and claimed to be Mr. Sollis' programmer. (*Id.* at 4). Mr. Sollis alleges that after he informed her of "safety issues related to security threat groups harassing and threatening [him]," the Lieutenant assured Mr. Sollis that he would go to a minimum-restricted facility. Mr. Sollis also alleges that he filed a grievance regarding safety concerns but that he never received a response.

Mr. Sollis asserts his failure to protect claim as a violation of his Eighth, Fourteenth, and First Amendment rights. The court construes the claim as an Eighth Amendment claim because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). In order to state an arguable Eighth Amendment claim, Mr. Sollis must allege facts that demonstrate deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Deliberate indifference means that an official "may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The Prisoner Complaint is deficient because Mr. Sollis fails to allege specific facts that demonstrate a substantial risk of serious harm. Mr. Sollis' allegations that he had "previous protective custody issues," that he "undergo[es] daily harassment" and that he notified the Defendant of "safety issues related to security threat groups harassing and threatening him" are vague and conclusory.

Further, it is unclear from the complaint if the Defendant, listed in the caption as "Unknown Employee of the Department of Corrections," is the female Lieutenant Programmer that Mr. Sollis refers to in his complaint. Although the Court construes Mr. Sollis' complaint liberally, he must comply with Rule 8 of the Federal Rules of Civil Procedure. Mr. Sollis must indicate who the Defendant is. He may use a fictitious name, such as "John or Jane Doe," if he does know the real name of the individual who allegedly violated his rights. It appears that Mr. Sollis probably intends for the female Lieutenant Programmer referenced in Claim One to be the Defendant. Plaintiff is directed to clearly identify who the Defendant is in the text of the Amended Complaint.

Mr. Sollis also alleges that he informed numerous individuals about his safety concerns and that he filed a grievance that went unanswered. However, denying or ignoring a grievance is not sufficient to demonstrate personal participation in the underlying constitutional violation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983").

Mr. Sollis will be ordered to file an amended complaint that clarifies the constitutional claim he is asserting and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits

and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court is also aware that the Plaintiff filed a Letter (ECF No. 5) on March 11, 2016, making numerous requests. Plaintiff is advised not to include requests for court orders or other pleadings in letters to the court because any request for a court order must comply with Rule 7 of the Federal Rules of Civil Procedure. Pursuant to Rule 7(b)(1), "[a] request for a court order must be made by motion."

Accordingly, it is

ORDERED that Mr. Sollis file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Sollis shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov and use that form to file an amended complaint. It is

FURTHER ORDERED that, if Mr. Sollis fails to file an amended complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED March 17, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher

United States Magistrate Judge

Case 1:16-cv-00325-LTB   Document 6   Filed 03/17/16   USDC Colorado   Page 5 of 5