IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-325-GPG

SCOTT A. SOLLIS,

    Plaintiff,

v.

RICK RAEMISCH, and
LT. CONTES,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Scott A. Sollis, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Colorado State Penitentiary in Canon City, Colorado. Mr. Sollis has filed *pro se* an Amended Prisoner Complaint (ECF No. 11) asserting one claim for relief pursuant to 42 U.S.C. § 1983. He seeks injunctive relief and legal costs. Mr. Sollis has paid the filing fee in full. (ECF No. 4).

    The court must construe the Amended Prisoner Complaint liberally because Mr. Sollis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Pursuant to 28 U.S.C. § 1915A, the Court must review the Amended Prisoner Complaint because Mr. Sollis is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the Amended Prisoner Complaint, or any portion of the Amended Prisoner

Complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Amended Prisoner Complaint as legally frivolous pursuant to § 1915A(b).

**I.     The Amended Prisoner Complaint**

According to Plaintiff, on or about January 8th, while he was on suicide watch as a result of anxiety and depression due to threats and bullying in the facility, he met with Defendant Lt. Contes, who told Plaintiff she was his programmer and they were meeting in the multi-purpose room to do his required programming. Mr. Sollis asserts that Lt. Contes did not do a full assessment with Plaintiff. According to Plaintiff, during the meeting he notified Lt. Contes about safety concerns, including telling her names of enemies and a specific threat group. Plaintiff alleges that in the middle of him telling her about the safety concerns, she stopped him and told him he was going to a minimum restricted facility.

Mr. Sollis also alleges that he filed a grievance, apparently about Lt. Contes and the lack of protective custody, but he only received a response to the grievance after he filed this action. In the grievance response, Lt. Contes stated that she had informed Plaintiff how to obtain the protective custody form. Plaintiff asserts that Lt. Contes never informed him of how to obtain the form.

Plaintiff claims that Lt. Contes' failure to complete a full assessment, failure to provide plaintiff with the protective custody form, and knowingly giving him false

programming information about his custody level constitutes a due process violation under the 14th and 5th Amendments as well as an equal protection violation. Plaintiff also claims that Defendant Rick Raemisch is the highest authority in the Colorado Department of Corrections and, therefore, is responsible for policy, written and/or unwritten, and is responsible for Lt. Contes' conduct.

## II.    Analysis

### A.  Personal Participation

Initially, the Court notes that Plaintiff's factual allegations fail to demonstrate the personal involvement of Defendant Raemisch. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant' s participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep' t of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." ). Plaintiff fails to allege that Defendant Raemisch was personally involved in the alleged constitutional violations. Instead, Plaintiff seeks to hold Defendant Raemisch liable based on his supervisory status, which is improper under § 1983. Therefore, Defendant Raemisch is dismissed as a party from this action.

**B. Alleged Constitutional Violation**

The court liberally construes Mr. Sollis' claim as an Eighth Amendment claim because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). In order to state an arguable Eighth Amendment claim, Mr. Sollis must allege facts that demonstrate deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Deliberate indifference means that an official "may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). A claim of failure to protect under the Eighth Amendment has "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause. To satisfy this component, the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm.

The subjective component "is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837). Under this component, the inmate must establish that prison officials

had a sufficiently culpable state of mind in allowing the deprivation to take place. *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001)).  To be liable for unsafe conditions of confinement the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he (or she) must also draw the inference." *Farmer*, 511 U.S. at 837; *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005). "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citations omitted).  "Mere negligence does not constitute deliberate indifference." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006); *see also Board of County Commissioners v. Brown*, 520 U.S. 397, 407-10, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (A higher standard is required than simple negligence or heightened negligence).  Both the objective and subjective components must be satisfied. *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006).

Mr. Sollis' Amended Prisoner Complaint fails to satisfy either of the required components.  As to the objective component, Mr. Sollis fails to allege specific facts that demonstrate a substantial risk of serious harm.  Magistrate Judge Gallagher directed Mr. Sollis in the March 17, 2016 Order that he must allege "specific facts that demonstrate a substantial risk of serious harm."  Mr. Sollis' allegations that he had incurred "threats and bullying by other inmates" and that he has "certain enemies and a specific threat group he had problems with" are vague and conclusory.  Additionally,

while the fact that Mr. Sollis was on suicide watch, allegedly as a result of "threats" and "bullying," is a factor to consider in determining the "substantial risk of serious harm," he failed to provide any factual allegations as to the specific threats and specific bullying that contributed to his being placed on suicide watch.  Conclusory allegations of "threats" and "bullying" are not enough to demonstrate a constitutional violation.  Accordingly, the Amended Prisoner Complaint fails to satisfy the objective component of an Eighth Amendment claim.

Additionally, Mr. Sollis' Amended Prisoner Complaint fails to establish the subjective component, that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that they "[drew] the inference."  Mr. Sollis alleges that while he was attempting to tell Lt. Contes about his safety concerns, she interrupted him and he was not able to finish.  Although the interruption might suggest negligence on the part of Lt. Contes, it does not establish deliberate indifference because there are no allegations that she knew facts from which the inference could be drawn that Mr. Sollis faced a substantial risk of serious harm and that she drew that inference.  Mr. Sollis informing her of a list of his "enemies" and "a specific threat group" he had a problem with is not enough to establish that she had knowledge of a substantial risk of serious harm to him.  As such, the Amended Prisoner Complaint also fails to satisfy the subjective component of an Eighth Amendment claim.

Mr. Sollis also alleges that he filed a grievance that went unanswered until he filed this complaint.  Apparently, in the kite response, LT. Contes stated she had informed Mr. Sollis as to how to obtain the protective custody form.  Plaintiff refutes this claim and maintains that she never informed him of how to obtain the form.  However,

while failure to inform an inmate of how to obtain a protective custody form may constitute negligent behavior, the failure by itself does not rise to the level of a constitutional violation of deliberate indifference.

Accordingly, it is

**ORDERED** that the Amended Prisoner Complaint and this action are **DISMISSED** with prejudice as legally frivolous pursuant to 28 U.S.C. § 1015A(b). It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  21st  day of  April , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge